## E. C. Barr v. J. W. Irey.

### No. 67.

Verdict—*Duty of Court.*  Where the evidence introduced by the plaintiff fails to support the allegations of the bill of particulars or entitle him to a verdict, it is the duty of the court, upon motion, to instruct the jury to return a verdict for the defendant.

Memorandum.—Error from Coffey district court; Charles B. Graves, judge.  Action by E. C. Barr against J. W. Irey to recover upon contract.  Judgment for defendant.  Plaintiff brings the case to this court.  Affirmed.  The opinion herein, filed May 8, 1896, states the material facts.

*G. N. McConnell, Clarence Meily,* and *E. N. Connal,* for plaintiff in error.

*G. E. Manchester,* for defendant in error.

The opinion of the court was delivered by

Cole, J. :  Plaintiff in error brought this action before a justice of the peace to recover the value of a certain stallion.  The bill of particulars filed set up a written agreement alleged to have been made between plaintiff and defendant in an action in which J. W. Irey was plaintiff and E. C. Barr was defendant, to the effect that Barr was to deposit with one C. L. Foster enough money to pay the judgment and costs in said action, and, in consideration of such deposit, Irey was to stop the sale of the stallion which it was alleged was levied upon under execution issued in said cause.  The bill of particulars alleged that, after the making of the written agreement, it was verbally agreed between the parties that $30 was a sufficient amount to cover said judgment and costs.  It is also alleged that Barr fulfilled his part of the agreement by

depositing the amount agreed upon with Foster, but that the stallion was sold under said execution and levy, and thereby lost to said Barr.

After being tried in justice's court, this cause was appealed to the district court, where, upon the trial, after the plaintiff had introduced all of his evidence, and had rested his case, the court, upon motion, instructed the jury to return a verdict for the defendant. Upon said verdict judgment was rendered against plaintiff for costs. From this verdict and judgment he brings the case here for review.

We are of the opinion that the motion was properly sustained. Examination of the testimony offered in the cause discloses the fact that the plaintiff failed to support the material allegations of his bill of particulars. He alleged that a written agreement was entered into between the parties, and his evidence shows that he did not comply with the terms of such agreement. But plaintiff seeks to avoid the effect of the written agreement by attempting to show a verbal agreement subsequently made, by which it is claimed that a specific sum was agreed upon as being sufficient to pay the judgment and costs which were the subject of the agreement. But the proof does not sustain even the allegations of the verbal agreement. It was claimed by plaintiff that, by the terms of said verbal agreement, $30 was to be paid to Mr. Foster. Proof shows that $20 and a note for $5 was deposited with Foster, and that Irey was to accept, in lieu of the balance, a calf belonging to Barr, but then in the possession of Irey. This was another and different state of facts from that alleged in the bill of particulars, and the defendant could only be expected to meet the allegations made in said pleading. No request was made for permission to amend the pleading in question to

conform to the facts, and the court therefore committed no error in holding that the plaintiff was not entitled to a judgment under the facts proven.

Again, there was a total failure to prove that the stallion in question was sold either by the defendant himself or any one acting for him. It is true some hearsay testimony was admitted as to what became of the stallion, but it was not such evidence as would support a verdict or judgment upon the proposition that the defendant had caused the sale of the stallion to be made. Whenever the trial court is satisfied that the evidence introduced does not support the allegation relied upon for relief, or entitle the party demanding relief to a judgment, it is its duty, upon motion, to direct a verdict in accordance with the evidence.

Perceiving no error, the judgment of the district court is affirmed.

All the Judges concurring.